(January 17, 1919.)

HUMBIRD LUMBER COMPANY, a Corporation, Plaintiff, v. PUBLIC UTILITIES COMMISSION OF THE STATE OF IDAHO, JOHN W. GRAHAM, A. L. FREEHAFER and GEORGE E. ERB, as Members of said Commission, Defendants.

[178 Pac. 284.]

Original proceeding to procure a writ of review directed to the Public Utilities Commission. *Dismissed.*

. E. W. Wheelan and James E. Babb, for Plaintiff.

The question of the validity of the right of review by the supreme court under writ of *certiorari* as provided in sec. 63a of the utilities act of 1913 was specifically passed upon and sustained in *Idaho Power & Light Co. v. Blomquist*, 26 Ida. 222, 256, Ann. Cas. 1916E, 282, 141 Pac. 1083. See, also, *Murray v. Public Utilities Commission*, 27 Ida. 603, 618, 150 Pac. 47, L. R. A. 1916F, 756; *Federal Mining etc. Co. v. Pub-*

*lic Utilities Commission,* 26 Ida. 391, 143 Pac. 1173, L. R. A. 1917F, 1195.

There is a very large diversity of view and practice among the states as to the scope or remedy afforded by the writ of *certiorari.* Under such circumstances, under influence of the rule that a legislative act is to be held constitutional unless the unconstitutionality thereof is clear and well established, the legislature of a state has a discretion to adopt any one of the courses held at the time legal and constitutional by respectable supreme court decisions of other states, since, in view of such decisions, it cannot be claimed that the unconstitutionality is clearly made out. (*State v. Jones,* 9 Ida. 693, 701, 75 Pac. 819.)

Sec. 4968, Rev. Stats. 1887, in force at the time of the adoption of our constitution, provided: "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has *regularly pursued the authority of such tribunal, board or officer.*"

Even if this definition of the scope of the writ were not ample to authorize the review of the questions sought to be reviewed in this case, ample authority for further legislation modifying the same is found in sec. 2 of art. 21 of the constitution, reading as follows: "All laws now in force in the territory of Idaho which are not repugnant to this constitution shall remain in force until they expire by their own limitations or be *altered* or repealed by the legislature." The word "altered" as used in this section has been held to be a grant of authority to amend, amplify and change. (*Butler v. City of Lewiston,* 11 Ida. 393, 398, 83 Pac. 234.)

Even if there had not been an express grant of authority in the constitution for further amendment and amplification of the territorial laws continued in force by the constitution, the rule contended for that we are limited to the definitions in vogue at the time of the adoption of the constitution is a rule now largely repudiated, especially by the supreme court of Idaho. (*Potlatch Lumber Co. v. Peterson,* 12 Ida. 769, 118 Am. St. 233, 88 Pac. 426; *Northern Pacific Ry. Co. v. Hirzel,* 29 Ida. 438, 453, 161 Pac. 854; *Smart v. Aroostook*

*Lumber Co.,* 103 Me. 37, 68 Atl. 527, 14 L. R. A., N. S., 1083; *German Alliance Ins. Co. v. Lewis,* 233 U. S. 389, 34 Sup. Ct 612, 58 L. ed. 1011, L. R. A. 1915C, 1189, see, also, L. U. S. Notes.)

The scope of the writ of *certiorari,* even as defined in s . 4968, Rev. Codes, as authorizing a determination of wheth the inferior board "has regularly pursued the authority of such tribunal, board or officer," is very broad as applied to : board such as the public utilities commission, which is wholly statutory in its authority, requiring also an express grant of authority in such statute. (*Wabash R. Co. v. Railroad Commission,* 176 Ind. 428, 95 N. E. 673; *State v. Corvallis & E. R. Co.,* 59 Or. 450, 117 Pac. 980; *Railroad Commrs. v. Oregon R. & Nav. Co.,* 17 Or. 65, 19 Pac. 702–706, 2 L. R. A. 195; *Trustees of Presbyterian Church v. State Board of Commrs.,* 55 N. J. L. 436, 27 Atl. 809; *Cincinnati v. Public Utilities Commission,* 96 Ohio St. 270, 117 N. E. 381; *Great Western Power Co. v. Pillsbury,* 170 Cal. 180, 149 Pac. 35; *Pacific Coast Casualty Co. v. Pillsbury,* 31 Cal. App. 701, 162 Pac. 1040; *Forschner & Co. v. Industrial Board,* 278 Ill. 99, 115 N. E. 912; *Sweeny v. Mayhew,* 6 Ida. 455, 56 Pac. 85.)

As to jurisdiction and authority and methods of review of actions of the commission, see Collier on Public Service Companies, secs. 176–194; Judson on Interstate Commerce, 3d ed., pp. 99, 600, 644; Fuller on Interstate Commerce, pp. 128, 129; Beale & Wyman on Railway Rate Regulation, 2d ed. by Bruce Wyman, pp. 1028, 1029.

T. A. Walters, Attorney General, and J. P. Pope, Assistant, for Defendants.

Prescribing rules and standards of service for public utilities corporations is a branch of the legislative power of the state, and not of the judicial power. Neither an original proceeding before a commission, nor a revisory proceeding to review the action of the commission, is a judicial proceeding of the character covered by secs. 9 and 20, art. 5, of the constitution, and the courts cannot be given any review in the nature of an appeal over proceedings of the commission.

(*United Fuel Gas Co. v. Public Service Commission,* 73 W. Va. 571, 80 S. E. 931.)

It is possible, however, that legal rights may arise out of orders of the commission, and legal complaints may be made against such orders.  The legislature may itself prescribe a special proceeding for the determination of such legal complaints as may arise against an order of the commission.  (*United Fuel Gas Co. v. Public Service Commission, supra; Bluefield v. Bluefield Water Works & I. Co.,* 81 W. Va. 201, 94 S. E. 121; *Salt Lake City v. Utah Light & Traction Co.* (Utah), 173 Pac. 556; *People ex rel. v. McGoorty,* 270 Ill. 610, 110 N. E. 791, 795.)

The provision in the public utilities law for a review of the order of the utilities commission is not an original suit in law or in equity, of which the district courts must, under art. 5, sec. 20, of the constitution, be given original jurisdiction, nor is it an appellate proceeding, as appeals involve removal of cases within the jurisdiction of courts from one court to another, which is within the jurisdiction of the supreme court.  While it is a judicial proceeding in that it involves the determination of legal rights, yet it is a judicial proceeding of special form and kind not contemplated by the constitution, and hence presents a case for the exercise of judicial power which is not specifically provided for by the constitution, except that this power must be exercised by one of the courts in whom general judicial power is vested.  (*People ex rel. v. McGoorty, supra; Salt Lake City v. Utah Light & Traction Co., supra; Bluefield v. Bluefield W. & I. Co., supra.*)

The legislature may define the court in which, and the means by which, this judicial power is to be exercised, so long as it confines its investiture of power to an appropriate court in which the general judicial power of the state is vested.  It could, therefore, vest this power in the supreme court, as it has done, or it could have vested it in the district court.  And having chosen to vest it in the supreme court, it is immaterial what the legislature called the special writ or proceeding by which this judicial power shall be exercised.  (*People v. McGoorty, supra; United Fuel Gas Co. v. Public Service Com-*

*mission, supra; Idaho Power & Light Co. v. Blomquist,* 26 Ida. 222, Ann. Cas. 1916E, 282, 141 Pac. 1083, 1094.)

Herman H. Taylor, *Amicus Curiae.*

MORGAN, C. J.—The public utilities commission, on January 31, 1918, rendered a decision in a case wherein Sandpoint Water & Light Company was complainant and Humbird Lumber Company was defendant, which resulted in an order ''That the defendant, Humbird Lumber Company, be and it hereby is required to cease and desist from the furnishing of water to the Northern Pacific Railway Company at Sandpoint and Kootenai, Idaho, or in any way operating as a public utility until it shall have secured from this Commission a certificate of public convenience and necessity authorizing it to engage in the public utility business.''

A rehearing was denied and the above-named plaintiff brought this action to procure a review of the proceedings had before the commission, and to have the lawfulness of the above-quoted order, and that denying a rehearing, inquired into and determined.

Upon authority of *Neil v. Public Utilities Commission, ante,* p. 44, 178 Pac. 271, this case is dismissed. No costs awarded.

Rice, J., concurs.

Budge, J., dissents.